ANSTEAD, Judge,
concurring specially.
I concur in the majority’s conclusion that the trial court did not err in denying appellant’s motion to suppress. However, I *933 must acknowledge that the suppression issue was a close call, and one that in my final analysis I believe the trial judge was entitled to make based on the evidence before him.
This is a drug case. The appellant was arrested after the police observed him during a daylight transaction in an area identified by the police as having high drug sales activity. The area was described as one of predominately black residents. The appellant is white and the other person in the transaction was black. The police testified at the suppression hearing that they observed the appellant give money to the other person in exchange for something they could not identify. They believed that something was drugs, based upon their previous experience in the area. After the appellant returned to his car and drove away, he was stopped by the police and cocaine rock was observed on the floor of his car.
I believe the circumstances described above, based upon the officers’ actual experience with drug transactions in the area, gave them the founded suspicion necessary to stop the appellant. Cf. Ewen v. State, 518 So.2d 1285 (Fla. 4th DCA 1987). Hence, I agree that there was sufficient evidence upon which the trial court could find that the stop was proper and that the cocaine rock was in plain view and properly seized.